**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CIRO HERIBERTO GONZALEZ HUITRON, | Case No.: 3:25-cv-00716-MMD-CSD |
| Plaintiff | **Order** |
| v. | Re: ECF No. 1, 1-1 |
| FOURTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, et al., | |
| Defendants | |

Plaintiff is a pretrial detainee currently in custody at Elko County Jail. He has filed an application for leave to proceed in forma pauperis (ECF No. 1) and a civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1-1).

Although Plaintiff filed his claims on a § 1983 form, he refers to his case as his "habeas" and marked the "habeas" box on his IFP application, twice. (ECF No. 1-1 at 6; ECF No. 1 at 1, 4.) In addition, Plaintiff's claims relate to ongoing criminal proceedings against him in state court. It is therefore unclear to the court whether Plaintiff intended to pursue a § 1983 complaint or whether he intended to file a petition for habeas corpus relief.

If what Plaintiff seeks here is release from state custody – or a shortening of its duration -- his claims must be presented in a petition for habeas relief pursuant to 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus."); *McNeely v. Blanas*, 336 F.3d 822,

824 (9th Cir. 2003) ("A pretrial detainee challenging his continued custody or detention in state court should file his claim pursuant to 28 U.S.C. § 2241."). If that is not the type of relief Plaintiff seeks, his claims may be filed – if at all – in a § 1983 complaint. *Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc).

Accordingly, the court will direct the Plaintiff to clarify whether he intends to pursue his claims under 42 U.S.C. § 1983 or whether, instead, he intended to file a § 2241 habeas petition. The court will direct the Clerk of Court to send Plaintiff a copy of the § 2241 form and Plaintiff will have thirty days from the date of this order to re-file his claims on a habeas petition, using this case number, if that is the type of relief that he seeks. If Plaintiff does not file a petition for writ of habeas corpus by that time, the court will consider his IFP application and screen his complaint under § 1983.

## CONCLUSION

Accordingly, the Clerk shall **SEND** Plaintiff a copy of the approved form and instructions for a petition for writ of habeas corpus under 28 U.S.C. § 2241.

Plaintiff will have **30 days** from the date of this order to file his claims on the § 2241 form, if that is the form of relief he seeks. If Plaintiff does not timely file his claims on the § 2241 form, the court will proceed to consider the IFP application and screen the complaint under § 1983.

**IT IS SO ORDERED**.

Dated: February 13, 2026

_____
Craig S. Denney
United States Magistrate Judge

2